```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 08-61611-CIV-ZLOCH


SUSAN PERINA,

        Plaintiff,

vs.                                      FINAL ORDER OF REMAND

CENTERLINE HOMES, INC., and
CENTERLINE HOMES CONSTRUCTION,
INC.,

        Defendants.
                                    /
```

THIS MATTER is before the Court upon Plaintiff Susan Perina's Motion For Remand (DE 3). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

Plaintiff filed a three-count Complaint in Florida state court alleging sexual harassment, retaliatory termination, and a claim under the Florida Whistleblower Act. All of these claims arise under Florida law. Plaintiff's Complaint is a staggering 97 paragraphs long, much of it devoted to the general allegations and the details surrounding the harassment she allegedly endured while employed by Defendants. Paragraph 81 of the Complaint reads: "CENTERLINE terminated PERINA in violation of the Family and Medical Leave Act." DE 1, p. 18. Within thirty days of being served, Defendants removed this action.

Defendants present two arguments in support of their removal of this action to federal court. First, reference the language quoted above and argue that the Complaint sets forth a claim under

the Family and Medical Leave Act, 29 U.S.C. § 2611, et seq. (hereinafter the "FMLA"). Second, Defendants argue that this case has become removable within the meaning of 28 U.S.C. 1446(b). This latter argument centers on an email that Plaintiff's counsel sent Defendants indicating her intent to amend the Complaint and add a claim under the FMLA. DE 6, p. 3 (citing Soto v. Apple Towing, 111 F. Supp. 2d 222 (E.D.N.Y. 2000)). In response to both arguments, Plaintiff argues that the Complaint does not contain a claim under the FMLA, and Defendant is speculating whether one will later arise.

As to Defendants' first argument, the operative question is whether the Complaint states a claim contemplating federal jurisdiction. Removal is only permissible when a plaintiffs' claim could have been originally filed in federal court. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). In cases where a federal question is alleged the propriety of removal is determined by reference to the Plaintiff's "well-pleaded complaint." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the [Plaintiff's] properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). That is, "the lower federal courts [have] jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the

2

cause of action or that the [Plaintiff's] right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).

While defendants have a statutory right to remove a case to federal court in certain situations, plaintiffs are still masters of their own claims. Burns, 31 F.3d at 1095 (citations omitted). Furthermore, Defendants' right to remove and Plaintiff's right to choose her forum are not on equal footing. Id. Defendants "cannot, merely by injecting a federal question into an action that asserts what [are] plainly state-law claim[s], transform the action into one arising under federal law, thereby selecting the forum in which the claim[s] shall be litigated. If a defendant could do so, the [Plaintiff] would be master of nothing." Caterpillar Inc., 482 U.S. at 399. Thus, the federal question must be presented on the face of the plaintiff's "well-pleaded" complaint, as it stands at the time the notice of removal is filed and the case enters into the federal system. 14B Wright and Miller, Federal Practice and Procedure: Jurisdiction 3d § 3722 (3d ed. 1998 & West Supp. 2008).

The Court's review of Plaintiff's Complaint fails to reveal the presence of a federal issue in any of the state-created causes of action. The Complaint simply sets forth state law claims with no apparent reliance on federal law. The mere recitation of ills in paragraphs 77-83, and the statement "CENTERLINE terminated PERINA in violation of the Family and Medical Leave Act" does not,

3

without more, state a claim under the FLMA. DE 1, p. 18. In fact, it lends support to Plaintiff's claim under the Florida Whistle Blower Act, or as further evidence of Defendants' bad will. The extent and purpose of that paragraph is unclear; however, it is clear that it does not state a federal claim under the pleading requirements of the Federal Rules. Wright & Miller, supra § 3722.

Of course, "plaintiff is considered master of his complaint and may choose not to assert a federal right that is available and thus rely only on rights created under state law, [however] when the causes of action in the plaintiff's complaint, if properly pled, would make the case removable, the plaintiff cannot disguise inherently federal causes of action." Wright & Miller, supra § 3722. That is not the case here. The laws that Plaintiff's claims arise under are specifically detailed in her Complaint, and they are state laws. Id. pp. 18-20. There is no mention of the FMLA in her prayers for relief, nor can one be grafted into the Complaint through Defendants' speculation. She has not elected to state a claim for the FMLA.

Defendants' second argument is that an email from Plaintiff's counsel stating that "I would agree that the FMLA violation was not specifically plead and the complaint needs to be amended to add it" establishes that this action is now removable. DE 1, p. 84. Defendants argue that this email would fall under the broad category in § 1446(b) of "other papers" and permit the removal of this action because it is now ascertainable that the "case is one

4

which is or has become removable." 28 U.S.C. § 1446(b). This Section is usually invoked when a party in a diversity case first learns that there is diversity of citizenship or the amount in controversy is satisfied. Wright, supra § 3732.

As stated above, a plaintiff "may choose not to assert a federal right that is available and thus rely only on rights created under state law." Id. § 3722. However, "when the causes of action in the plaintiff's complaint, if properly pled, would make the case removable, the plaintiff cannot disguise inherently federal causes of action." Id. These scenarios involve a plaintiff's "artful pleading" that permit a defendant to remove a case when a federal cause of action is not set forth clearly. Id. None of those exceptions are applicable here. In this case, Defendants are bound by Plaintiff's well-pleaded Complaint. That Complaint does not state a claim under the FMLA, nor can it be read to state such.

Defendant's email does not change the nature of the Complaint; nor does it alter the well-pleaded complaint rule. This scenario is completely different from one where, for example, a plaintiff's claim for sexual harassment was silent as to the law it was brought under and later, through discovery or some other means, the defendant discerns that the plaintiff is bringing the action under Title VII. That is the scenario present in the cases cited by Defendants, and it is distinguishable from this action. Here by the face of her Complaint, Plaintiff has elected not to plead a

5

cause of action under the FMLA.  An email evidencing an intent to amend the Complaint does not have the same effect of actually amending the Complaint to state a federal cause of action.  The action may be removable if and when Plaintiff does make such an amendment, but not before.  Therefore, the Court will grant the instant motion to remand.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1.  Plaintiff Susan Perina's Motion For Remand (DE 3) be and the same is hereby **GRANTED**;

2. The Clerk of the United States District Court for the Southern District of Florida be and the same is hereby **DIRECTED** to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 08-417424; and

3. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this    3rd       day of December, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record